IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULES WILLIAMS,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3750 |
| | : | |
| **CORRECTIONS OFFICER** | : | |
| **MORRISON,** *et al.* | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 17th day of November, 2023, upon consideration of Plaintiff Jules Williams's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Jules Williams, #23-3750, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Houtzdale or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williams's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williams's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Houtzdale.

4. The Complaint is **DEEMED** filed.

5. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

    a. Corrections Officer Morrison

    b. Sergeant Black

    c. The City of Philadelphia

6. Service cannot be made on the unidentified Defendants – (1) PICC Warden and (2) the Philadelphia County Corrections Commissioner – unless or until Williams provides sufficient identifying information to allow for service. It is Williams's responsibility to notify the Court of the Defendants identities if/when that information is obtained.

7. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Williams together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph five (5) of this Order.[1] The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

8. To proceed with service, Williams must complete a USM-285 Form for each Defendant listed in paragraph five (5) and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Williams completes and returns these forms.

---

[1] This form is available online at
https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

9. In completing the USM-285 Form(s), Williams is instructed as follows:

   a. Williams should complete a separate USM-285 Form for each Defendant listed in paragraph five (5) of this Order.  Only one Defendant's name should appear on each USM-285 Form.

   b. Williams shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph five (5) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

   c. Williams should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

   d. Williams must provide each Defendant's complete address at a location where that Defendant can be served.  The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.  It is Williams's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.  *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

      e.  Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Williams's claims against any such Defendant.

10.    Williams is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

11.    The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Williams returns in this case.

12.    The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

*S/KAI N. SCOTT*
**KAI SCOTT, J.**